Christopher G. Kelly
Christelette A. Hoey
HOLLAND & KNIGHT LLP
195 Broadway, Floor 24
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
CREDITEK LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

CREDITEK LLC,                                    07 Civ. 9322 (DC)

                    Plaintiff,

        -against-                          **Certificate of Service**

NORTH GENERAL HOSPITAL,

                    Defendant.
-------------------------------------------------------------------

I hereby certify, pursuant to Title 28 U.S.C.§1746, that on December 6, 2007, I served a true and correct copy of the attached Notice of Initial Pretrial Conference and the Individual Practices in Civil Cases, by e-mail to:

Keven G. Donoghue
Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, New York 10021
kdonoghue@gwtlaw.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2007.

Christelette A. Hoey, Esq,
Holland & Knight LLP
195 Broadway
New York, NY 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                           :

CREDITEK LLC,                              :        07 CIV. 9322 (DLC)
                                          :
                Plaintiff,          :        NOTICE OF INITIAL
                                          :        PRETRIAL CONFERENCE
      -v-                                 :

NORTH GENERAL HOSPITAL,                    :

                Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

DENISE COTE, District Judge:

```
+------------------------------------+
| USDC SDNY                          |
| DOCUMENT                           |
| ELECTRONICALLY FILED               |
| DOC #:                             |
| DATE FILED: 11-29-07               |
+------------------------------------+
```

    This case has been designated an electronic case and has
been assigned to me for all purposes.  By the date of the initial
pretrial conference counsel for all parties are required to
register as filing users in accordance with the Procedures for
Electronic Case Filing.

    Counsel for all parties are directed to appear for an
initial pretrial conference with the Court, at the time and place
listed below.  Counsel are directed to confer with each other
prior to the conference regarding settlement and each of the
other subjects to be considered at Fed.R.Civ.P. 16 conference,
and to prepare a detailed written proposed schedule for any
motions and discovery.  Prior to the date of the conference, all
parties must send the Court one copy of all pleadings.

    If this case has been settled or otherwise terminated,
counsel are not required to appear, provided that a stipulation
of discontinuance, voluntary dismissal, or other proof of
termination is sent prior to the date of the conference via e-
mail to the Orders and Judgment Clerk at the following e-mail
address: orders_and_judgments@nysd.uscourts.gov.

    All conferences with the Court are scheduled for a specific
time; there is no other matter scheduled for that time; and
counsel are directed to appear promptly.  **All pretrial
conferences must be attended by the attorney who will serve as
principal trial counsel**

    Requests for adjournment may be made only in a writing
received not later than two business days before the conference.
The written submission must (a) specify the reasons for the
adjournment, (b) state whether the other parties have consented,
and (c) indicate times and dates on succeeding Fridays when all
counsel are available.  Unless counsel are notified that the
conference has been adjourned it will be held as scheduled.

YOU ARE DIRECTED (i) TO SO NOTIFY ALL ATTORNEYS IN THIS
ACTION BY SERVING UPON EACH OF THEM A COPY OF THIS NOTICE AND THE
COURT'S INDIVIDUAL PRACTICES FORTHWITH, AND (ii) TO FILE PROOF OF
SUCH NOTICE WITH THE COURT.  IF YOU ARE UNAWARE OF THE IDENTITY
OF COUNSEL FOR ANY OF THE PARTIES, YOU MUST FORTHWITH SEND A COPY
OF THE NOTICE AND PRACTICES TO THAT PARTY PERSONALLY.

DATE AND PLACE OF CONFERENCE: **DECEMBER 14, 2008, AT 9 A.M.**
AT THE UNITED STATES COURT HOUSE, 500 PEARL STREET, NEW YORK, NEW
YORK, IN COURTROOM 11B.

SO ORDERED:

Dated:     New York, New York
           November 28, 2007

                                   DENISE COTE
                         United States District Judge

2

Revised March 23, 2005

# INDIVIDUAL PRACTICES IN CIVIL CASES
## DENISE COTE, UNITED STATES DISTRICT JUDGE

**Chambers**

United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007
(212) 805-0202

**Courtroom 11B**

500 Pearl Street
Gloria Rojas
Courtroom Deputy Clerk
(212) 805-0097

**Unless otherwise ordered by Judge Cote, these Individual Practices apply to all civil matters assigned to the Honorable Denise Cote except for civil pro se cases.**

1.      **Communications With Chambers**

        **A. Letters.**  Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel.  Letters to chambers in an ECF case should not be electronically filed.  Such letters should simply be mailed to chambers as they would be in a non-ECF case.  Copies of correspondence between counsel shall not be sent to the Court.

        **B. Telephone Calls.**  Except as provided in Paragraph 1(D) below, telephone calls to chambers are permitted only in emergency situations requiring immediate attention.  In such situations only, call chambers at (212) 805-0202.

        **C. Faxes and Hand Deliveries.**  Faxes to chambers are not permitted.  Hand delivered mail should be left with the Court Security Officer at the Worth Street entrance of the Courthouse; it may not be brought to Chambers.

        **D. Docketing, Scheduling, and Calendar Matters**.  For docketing, scheduling and calendar matters, call Courtroom Deputy Gloria Rojas at (212) 805-0097.

        **E. Requests for Adjournments or Extensions of Time**.  All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached.  If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

1

2.    **Motions**

**A. Pre-Motion Conferences in Civil Cases.** For discovery disputes, follow local Civil Rule 37.2. If a discovery dispute is raised with the Court by letter, the letter shall not exceed two pages. For motions other than discovery motions, pre-motion conferences are not required.

**B. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents.

**C. Filing of Motion Papers.** Motion papers shall be filed promptly after service.

**D. Oral Argument on Motions.** Parties may request oral argument by letter at the time their moving or opposing or reply papers are filed. The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date.

**E. Courtesy Copies.** Two courtesy copies of all motion papers, marked as such, should be submitted for chambers **by the movant at the time the Reply is served.**

**F. Preliminary Injunction Motions.** The Court generally follows the procedure for the conduct of non-jury trials described below.

**G. Failure of the Court to Schedule Argument or Decide a Motion.** If a motion is not decided within 60 days of the time it is fully submitted or of argument, counsel for the movant shall send a letter to call this fact to the Court's attention.

3.    **Pretrial Procedures**

**A. Joint Pretrial Orders.** Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

i.  The full caption of the action.

ii. The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. Such summaries shall identify all claims and defenses previously asserted which are not to be tried.

2

v.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi.  A statement as to whether or not all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii.  Any stipulations or agreed statements of fact or law to which all parties have agreed.

viii.  A list of all witnesses, with a brief summary of the substance of each witness's testimony and an indication whether such witnesses will testify in person or by deposition.

ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x.  A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B. Filings Prior to Trial.**  Each party shall file with the joint pretrial order:

i.  In jury cases, requests to charge and proposed voir dire questions;

ii.  In all cases, motions addressing any evidentiary or other issues which should be resolved in limine;

iii.  In any case where such party believes it would be useful, a pretrial memorandum; and

iv.  In non-jury cases, Proposed Findings of Fact and Conclusions of Law. The Proposed Findings of Fact should be detailed; there may be no opportunity for post-trial submissions.

**C. Additional submissions in Non-Jury Cases.**  At the time the joint pretrial order is filed, each party shall serve, but not file, the following:

i.  Affidavits constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and the Court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial. Only those witnesses who will be cross-examined need appear at trial. The original affidavit shall be marked as an exhibit at trial.

ii.  All deposition excerpts which will be offered as substantive evidence, as well as a one page synopsis (with page references) of those excerpts for each deposition.

3

    iii. All documentary exhibits.

**D. Filings in opposition.** Any party may file the following documents within one week of the filing of the pretrial order, but in no event less than two days before the scheduled trial date.

    i. Objections to another party's requests to charge or proposed voir dire questions.

    ii. Opposition to any motion in limine.

    iii. Opposition to any legal argument in a pretrial memorandum.

**E. Courtesy Copies.** Two courtesy copies of the joint pretrial order and all documents filed or served with the pretrial order should be submitted to Chambers on the date of filing or service.

**4.**    **Conferences**

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel must appear at all conferences with the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed.R.Civ.P. 16(c) conference for a Friday within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be mailed to plaintiff's counsel, who will be responsible for distributing copies to all parties. One courtesy copy of the pleadings should be delivered to Room 870, 500 Pearl Street prior to the conference date. Counsel are required to register in accordance with the Procedures for Electronic Case Filing before the initial pretrial conference. Counsel can access the web site www.nysd.uscourts.gov and click on CM/ECF Home Page for complete instructions on how to register.

**5.**    **Default Judgments.** A party who wishes to obtain a default judgment must proceed by way of an order to show cause and use the procedure set forth in Attachment A.

**6.**    **Trial Practice.** Trials will generally be conducted Monday through Thursday from 9:00 a.m. to 5:00 p.m., with lunch from 12:45 p.m. to 2 p.m.

**7.**    **Bankruptcy Appeals.** Briefs must be submitted in accordance with Bankr. Rule 8009, 11 U.S.C. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due.

**8.**    **Notice Regarding Access to Court Filings.** Opinions in ECF cases are sent to the parties via e-mail. With limited exceptions, in non-ECF cases Opinions will be posted on CourtWeb. To access CourtWeb, go to www.nysd.uscourts.gov and click **CourtWeb On-Line Rulings.** Parties will be notified when an Opinion is posted. You can also sign up for the **CourtWeb Watch List,** which will alert you to any new postings regarding a particular case.

**ATTACHMENT A**

### DEFAULT JUDGMENT PROCEDURE

1. Prepare an Order to Show Cause for default judgment and make the Order returnable before Judge Cote in Courtroom 11B. Leave blank the date and time of the conference. Judge Cote will set the date and time when she signs the Order.

2. Attach the following papers to the Order to Show Cause:

   a. an attorney's affidavit setting forth:

      i) why a default judgment is appropriate, including a description of the method and date of service of the original summons and complaint;

      ii) whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

      iii) the proposed damages and the basis for each element of damages including interest, attorney's fees, and costs; and

      iv) legal authority for why an inquest would be unnecessary.

   b. a proposed default judgment.

   c. copies of all of the pleadings.

   d. a copy of the affidavit of service of the original summons and complaint.

   e. if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed.

3. Take the Order to Show Cause with the attachments to the Clerk at the Cashier's window on the 1st Floor, 500 Pearl Street, for approval.

4. After the Clerk approves the Order to Show Cause, bring the papers to Chambers 1040, 500 Pearl Street, for the Judge's signature.

5. After the Judge signs the Order, make two conforming copies of the Order and the attachments. Leave one copy with the Judge, and serve one copy on the defendant.

6. Prior to the return date, file the original Order to Show Cause in the Clerk's office, Records Management Office, Room 270, together with an affidavit of service on the defendant of a conformed copy of the Order.

7. Prior to the return date, take the proposed judgment, separately backed, to the Clerk in Room 120, 500 Pearl Street, and get the Clerk's approval. The proposed judgment, including all damage and interest calculations, must be approved by the Clerk prior to the conference and then brought to the conference for the Judge's signature.