Christopher G. Kelly
Christelette A. Hoey
HOLLAND & KNIGHT LLP
195 Broadway, Floor 24
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
CREDITEK LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

| | |
|---|---|
| CREDITEK LLC, | :    07 Civ. 9322 (DLC) (THK) |
|             Plaintiff, | : |
|     -against- | :    **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |
| NORTH GENERAL HOSPITAL, | : |
|             Defendant. | : |

------------------------------------------------------------------ X

Plaintiff Creditek LLC, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. §§ 12(b)(3), 12(b)(6) and 28 U.S.C. § 1406(a), submits its response to defendant North General Hospital's motion to dismiss the complaint (the "Motion").

I.  **Preliminary Statement.**

North General's motion to dismiss is yet another attempt to delay paying Creditek the amount due and owed under the parties' agreement.  In its Motion, North General has moved to dismiss Creditek's complaint for improper venue.  North General invokes, erroneously, the parties' agreement to argue that the language of agreement limits the litigation of any dispute related thereto exclusively to a state court in New York County, New York.  North General also disingenuously suggests Creditek's commencement of this action in a federal court in New York County demonstrates Creditek's unwillingness to adhere to the parties' agreed-to choice of forum.

Creditek's argument is straight forward: The relevant forum-selection clause in this case, where jurisdiction is presumed upon diversity, does not explicitly preclude Creditek from commencing litigation against North General in this Court. Rather, the language of the clause referring to "New York State courts sitting in New York County" is plainly a geographic limitation only, and merely limits the initiation of any such proceeding to the exclusive jurisdiction of any court with subject-matter jurisdiction, and that is located in (a) New York State and (b) New York County. The case cannot be brought in a New York State Court in Queens, or Richmond, or Bronx County. It must be brought in New York County. Creditek, a corporation headquartered in New Jersey, essentially gave up its right to commence litigation against North General in that state, so it could bring litigation in state or federal court, as subject-matter jurisdiction may permit, in New York County. Thus, Creditek has the right to bring this action in the United States District Court for the Southern District of New York. Alternatively, to the extent the forum-selection clause is ambiguous, this Court is still the proper venue because the parties' agreement expressly precludes any application of the contra proferentem rule, and this ambiguity should be resolved against the party attempting to dismiss for lack of jurisdiction.

## II.    Factual Statement.

On or about February 9, 2006, Creditek and North General entered into an Outsourcing Agreement, whereby Creditek agreed to provide certain outsourcing services to North General and arising from or related to North General's patient accounts receivable (the "Agreement"). See Declaration of Edward Berenblum ("Berenblum Decl."), ¶ 3; Complaint, Exh. A. The Agreement contains a forum-selection clause that provides, in pertinent part:

> Each party to this Agreement hereby agrees and consents that any legal action or proceedings with respect to this Agreement shall only be brought in any New York State courts sitting in New York County.

Complaint, Exh. A at § 21.11.

North General proposed the language contained in the forum-selection provision, which Creditek executed with the understanding that such provisions merely limited commencement of any suit, in the first instance, to the State of New York. See Berenblum Decl., ¶ 4. As such, Creditek understood the phrase "any New York State courts sitting in New York County" to include both federal and state courts within New York County, New York, and that "New York State courts" simply modified "New York County." See id. Moreover, the plural form of "courts" further supports Creditek's understanding that the forum-selection provision includes the federal court sitting in New York County. Thus, had the parties meant to exclude the federal court, they would simply have drafted the term "courts" in singular form because the clause already limited the geographic location to New York County, thereby eliminating the need to designate more than one state court located therein.

The Agreement also contains a contra proferentem clause that reads:

> The Parties agree that the terms and conditions of this Agreement are the result of negotiations between them and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its professional advisors participated in its preparation.

Complaint, Exh. A. at § 21.13. Thus, to the extent the forum-selection clause carries two interpretations – either including or excluding a federal forum in New York County, New York – such ambiguity is not to be considered against either party on the basis of that party's participation in the negotiation or preparation of the Agreement.

## III.    Argument.

### A.    The Southern District of New York is the Proper Venue.

Courts within the Second Circuit have held that an agreement that merely names New York State as the selected jurisdiction, without any other limitation, confers jurisdiction upon

either a state or federal court sitting within New York State where diversity exists.  See City of New York v. Pullman Inc., 477 F. Supp. 438, 443 (S.D.N.Y. 1979) (finding contract conferring jurisdiction on "New York courts" did not preclude plaintiff from removing action to this District based upon diversity jurisdiction); Cronin v. Family Ed. Co., 105 F. Supp. 2d 136, 138 (E.D.N.Y. 2000) (concluding agreement to only commence litigation in "courts located in the City and State of New York" did not warrant remand of case from federal court to state court, finding such term was merely geographic).

In Pullman, supra, the plaintiff moved to remand the action to the Supreme Court of New York State, arguing that the parties' contract permitted commencement of the action only to state courts in New York.  See Pullman, 477 F. Supp. at 439-40.  This Court disagreed and denied the plaintiff's motion.  See id. at 443.  In that case, the parties' agreement contained a forum-selection clause that read: "This contract is to be construed pursuant to the Laws of the State of New York and the undersigned bidder agrees that only the New York courts shall have jurisdiction over this contract and any controversies arising out of this contract."  Id. at 440. Contrary to the plaintiff's argument, the defendant contended the designation of "New York courts," as the choice of forum, did not exclude federal courts sitting in New York State when jurisdiction is based upon diversity citizenship, as it is here.  See id.

This Court agreed with the defendant's interpretation of the forum-selection clause at issue in Pullman, supra, holding that:

> The normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such purpose; and the normal rule for construing language is to allow the scope of a term's meaning to expand to its greatest natural perimeters.  Thus if "New York courts" can mean both federal and state courts, it should be so construed unless express and restrictive language indicates otherwise.

Id. at 443 (citations omitted).  As such, the <u>Pullman</u> court established the difference between a "geographical" term and a "sovereignty" term with respect to forum-selection provisions.  <u>See</u> <u>Pullman</u>, 477 F. Supp. at 442.  For instance, if the contract language encompasses state and federal courts sitting in New York State, it is a term of geography; if, however, it refers to state courts to the exclusion of federal courts, it is a term of sovereignty.  <u>See id.</u>

Courts in this District have followed the principles established in <u>Pullman</u>, <u>supra,</u> and have similarly held that where the forum-selection clause does not expressly exclude federal courts, it can be read as a geographical term that includes both federal and state courts.  <u>See, e.g.,</u> <u>Cronin</u>, 105 F. Supp. 2d at 138 (concluding term "exclusive jurisdiction of the courts located in the City and State of New York" to be plainly geographic and much more analogous to language found in cases where forum-selection clauses were held to allow litigation in federal court); <u>cf.</u> <u>Yakin v. Tyler Hill Camp, Inc.</u>, No. 07-CV-2444, 2007 WL 3353729, at *2 (E.D.N.Y. Nov. 6, 2007) (finding phrase "shall be in Nassau County, New York" to include both federal and state courts, but remanded case to state court where clause was ambiguous and, thus, construed against drafter).

On the other hand, where parties to an agreement intend to narrowly restrict the choice of forum, and do so explicitly, courts have held that the forum-selection clause is a term of sovereignty and limits jurisdiction only to the designated court explicitly stated therein.  For example, in <u>Rogen v. Memry Corp.</u>, 886 F. Supp. 393 (S.D.N.Y. 1995), the plaintiff moved for summary judgment on a breach-of-contract claim, which required this Court to interpret the forum-selection clause contained in the agreement.  <u>See Rogen</u>, 886 F. Supp. at 393.  The relevant provision provided: "The legal tribunals of the State of New York shall be the sole forum for resolving any claim, action or demand arising out of or pertaining to the Agreement."

Id. at 394.  This Court found the use of the word "of" and the term "State of" sufficiently and unambiguously required the parties to only initiate any actions with respect to the agreement in state courts in New York.  See id. at 396 (citing TUC Elecs., Inc. v. Eagle Telephonics, Inc., 698 F. Supp. 35, 39-40 (D. Conn. 1988) (finding term "a court of original jurisdiction of the State of New York" indicated with reasonable clarity the parties' intent to limit their dispute to state courts and noting the use of the word "of" as opposed to "in" the State of New York, and the limiting words "State of" in deciding such holding)).

The forum-selection clause at issue, in this action, provides that any such action "shall only be brought in any New York State courts sitting in New York County."  Complaint, Exh. A. at § 21.11.  Clearly, this term limits jurisdiction to New York County, New York.  The provision does not, however, limit the parties' choice of forum only to state court.  Indeed, Creditek understood this language to include any New York State court in New York County, including both state and federal courts, as the phrase "New York State courts" simply modifies "New York County."  See, e.g., Lummus Co. v. Commonwealth Oil Refining Co., 195 F. Supp. 47, 52 (S.D.N.Y. 1961) (finding a federal court sitting in a diversity case was "in effect, only another court of the State").  This interpretation of the clause – to encompass both federal and state courts located in New York County – does no violence to the overall language of the clause, and permits the Court, as a matter of construction, to integrate every word of the clause.

Moreover, the plural form of "courts" further supports Creditek's understanding that the forum-selection provision includes the federal court sitting in New York County.  Had the parties intended to exclude the federal court, they would simply have drafted the term "courts" in singular form because the clause already limited the geographic location to New York County, thereby eliminating the need to designate more than one state court located therein.

While North General now contends the Agreement limits jurisdiction of this action to a state court in New York County, New York, the relevant language does not support such contention. Rather, nowhere in the term, "shall only be brought in any New York State courts sitting in New York County," does there appear the limiting word "of" or the term "State of" as outlined by the court in <u>Rogen</u>, <u>supra</u>. Indeed, the term uses the all-encompassing "in" to express the parties' agreed-to choice of forum, thereby permitting this Court, a federal court in New York County, to hear this action. Thus, the Court should not dismiss Creditek's Complaint.

**B.     <u>Any Ambiguity in the Agreement's Forum-Selection Clause Warrants Maintaining this Action in the Southern District of New York.</u>**

Even assuming, <u>arguendo</u>, the Agreement's choice-of-forum provision can be read to include two plausible interpretations – either including or excluding federal court in New York County, New York – such ambiguity does not warrant dismissing this action. On the contrary, the Agreement contains a <u>contra proferentem</u> clause that provides "the terms and conditions of this Agreement . . . shall not be construed in favor of or against any Party." Complaint, Exh. A at § 21.13. Thus, by negotiating and executing this Agreement as drafted, North General has waived any right it may have had in having this action dismissed based upon the forum provision's lack of clarity. Moreover, while contractual ambiguity is generally construed against the drafter, ambiguities with respect to forum-selection clauses "have to be resolved against the party claiming waiver of the statutory right to litigate in federal court" (<u>i.e.</u>, North General). <u>Cronin</u>, 105 F. Supp. 2d at 138 (citing <u>Pullman</u>, 477 F. Supp. at 443). As such, ambiguities in the forum-selection clause, at least, shall be construed against North General, and this action should remain in the Southern District of New York.

## C.     North General's Authority Fails to Support Dismissal of This Action.

Contrary to North General's contentions, Creditek does not disagree that the Court should honor the parties' forum-selection clause.  Creditek merely disagrees with North General's interpretation of that clause as being so narrowly construed that it permits this action to be heard only in the state court in New York County, New York.  In addition, North General's case law sheds little light on this matter, as all of the referenced authority is inapposite.

North General's case law addresses the validity of forum-selection clauses and whether they should be enforced – an issue irrelevant to this Motion.  See, e.g., Koninklijke Philips Elecs. v. Digital Works, Inc., 358 F. Supp. 2d 328 (S.D.N.Y. 2005) (finding New York forum-selection clause valid and enforceable where Nevada corporation and Netherlands corporation expressly agreed to same absent fraud or unreasonableness); Starad, Inc. v. Lawson Software, Inc., No. 4 Civ 5554, 2004 WL 2093512 (S.D.N.Y. Sept. 16, 2004) (upholding choice-of-forum provision where parties expressly agreed to exclusive jurisdiction of federal and state courts in Minnesota, not New York); HNY Assocs., L.L.C. v. Summit Resort Props., Inc., No. 01 Civ. 0428, 2001 WL 456250 (S.D.N.Y. Apr. 30, 2001) (upholding choice of forum where parties expressly agreed to confer jurisdiction only to courts in California, not New York); Fennell Ave. LLC v. America's Senior Fin. Servs., No. 00 Civ. 6214, 2001 WL 46994 (S.D.N.Y. Jan. 19, 2001) (denying motion to transfer case to federal court in Florida where parties agreed to exclusive jurisdiction of federal New York courts); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9-11 (1972) (addressing whether, in admiralty law, parties can contract to limit jurisdiction to international forum, namely a court in London, and finding forum-selection clause to be valid and enforceable); Roby v. Corp. of Lloyd's, 996 F.2d 1353 (2d Cir. 1993) (finding same with respect to London court).

To the extent North General's case law has any relevance to this action, it supports the conclusion that the Agreement does not expressly exclude Creditek from commencing suit in this federal Court.  See, e.g., Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656 (2d Cir. 1988) (addressing validity of forum-selection clause and finding the parties agreed to confer jurisdiction exclusively upon the Supreme Court of New York in New York County); Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co., No. 03 Civ. 5262, 2004 WL 421793 (S.D.N.Y. Mar. 5, 2004) (addressing validity of choice-of-forum provision and concluding the parties agreed to the exclusive jurisdiction of the Superior Court in Forsyth County, North Carolina, before the Special Superior Court Judge for Complex Business Cases).

Creditek agrees that in those cases, the forum selection was so specific as to render the proper forum so obvious as to be beyond peradventure.  Here, the Agreement has, in Creditek's view, an equally clear clause, that admits the Southern District of New York as a potential forum; or else an ambiguous clause, the very ambiguity of which cuts against North General's interpretation.

## IV.    Conclusion.

North General has not shown that Creditek's Complaint warrants dismissal for improper venue.  The Agreement's forum-selection clause is geographical in nature, only limiting exclusive jurisdiction to courts in New York County, New York.  In exchange for the right to sue in federal or state court in New York County, Creditek gave up its rights to sue in federal or state courts in New Jersey, a state where diversity jurisdiction also exists.  The clause does not, however, preclude Creditek from commencing this action in the Southern District of New York.  Even assuming, arguendo, the clause is ambiguous, the parties have contractually waived any right to the contra proferentem rule, and the clause must be construed against the party seeking to

limit jurisdiction.  For the foregoing reasons, Creditek respectfully requests that this Court deny

North General's Motion to Dismiss the Complaint, plus any and all other relief this Court deems

just and proper.

Dated: January 4, 2008
      New York, New York

                    Respectfully Submitted,

                    HOLLAND & KNIGHT LLP

                    By:
                        Christopher G. Kelly
                        Christelette A. Hoey
                        195 Broadway, Floor 24
                        New York, New York 10007
                        (212) 513-3200

                    Attorneys for Plaintiff, Creditek LLC