Michael J. Keane (MK-7655)
Kevin G. Donoghue (KD-2875)
GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendant*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200
E-mail: mkeane@gwtlaw.com
        kdonoghue@gwtlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CREDITEK, LLC,                                    :    07-CV-9322 (DLC) (THK)
                                                  :
                        Plaintiff,                :
                                                  :
        -against-                                 :
                                                  :
NORTH GENERAL HOSPITAL,                            :
                                                  :
                        Defendant.                :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

### REPLY MEMORANDUM OF LAW ON
### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

---

GARFUNKEL, WILD & TRAVIS, P.C.
*Attorneys for Defendant*
111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200

*Of Counsel:*

*Michael J. Keane, Esq.*
*Kevin G. Donoghue, Esq.*

821535v.4

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 1

POINT I

      THE FORUM SELECTION CLAUSE IS CLEAR AND  UNAMBIGUOUS,
      AND SHOULD BE APPLIED AS WRITTEN ................................................................ 1

      A.     The Construction of the Forum Selection Clause Expressly Limits
             Jurisdiction to New York State Courts ................................................................ 2

      B.     The Forum Selection Clause Contains a Term of Sovereignty and a Term
             of Geography that Limit Both Jurisdiction and Venue to New York State
             Courts Sitting in New York County ..................................................................... 3

POINT II

      PLAINTIFF'S ARGUMENTS IN OPPOSITION TO DEFENDANT'S MOTION
      ARE INAPPOSITE .......................................................................................................... 5

      A.     Because the Language is Narrowly Restricted, this Court Should Not
             Accept Plaintiff's Implausible and Strained Construction of the Forum
             Selection Clause .................................................................................................. 5

      B.     Plaintiff's Alternative Argument which Analyzes the Clause in the Event
             that There is a Possible Ambiguity is Irrelevant Here ........................................... 7

CONCLUSION ..................................................................................................................... 9

## TABLE OF AUTHORITIES

Page(s)

CASES

*City of New York v. Pullman Inc.,*
  477 F.Supp. 438 (S.D.N.Y. 1979) ............................................................... passim

*Cronin v. Family Ed. Co.,*
  105 F.Supp.2d 136 (E.D.N.Y. 2000) ................................................................4, 5

*Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp.,*
  838 F.2d 656 (2d Cir. 1988).............................................................................7

*LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.,*
  424 F.3d 195 (2d Cir. 2005).............................................................................2

*RJE Corp. v. Northville Industries Corp.,*
  329 F.3d 310 (2d Cir. 2003).............................................................................2

*Rogen v. Memry Corp.,*
  886 F.Supp. 393 (S.D.N.Y. 1995) ..................................................................6, 7

## PRELIMINARY STATEMENT

Defendant North General Hospital's (the "Hospital") Motion to Dismiss the Complaint involves a simple issue of contract interpretation. The case law cited by counsel for each of the parties points to the same resolution – the Complaint must be dismissed because this matter was not commenced in a New York State court as the parties agreed in their contract. Although Plaintiff Creditek, LLC ("Plaintiff") attempted to muddy the waters in its opposition papers with implausible and untenable arguments to the contrary, the contractual language at issue is clear and unambiguous. An unbiased and fair reading of the parties' forum selection clause prohibits a lawsuit in federal court and only allows for a lawsuit to be commenced in a New York State court sitting in New York County. Accordingly, the plain and incontrovertible meaning of the provision must be given effect, and the Hospital's motion should be granted in its entirety.

## ARGUMENT

### POINT I

### THE FORUM SELECTION CLAUSE IS CLEAR AND UNAMBIGUOUS, AND SHOULD BE APPLIED AS WRITTEN

Plaintiff concedes in its opposition papers that the parties' forum selection clause, requiring that any lawsuit relating to the agreement be brought in "any New York State courts sitting in New York County" should be applied as written because it is clear and unambiguous. *See* Pl. Opp'n Memo at 6-7. Accordingly, the only issue before this Court is the legal interpretation of the plain meaning of the forum selection clause, which, as demonstrated in the Hospital's moving papers and further detailed below, states that this action can only be brought in a New York State court in New York County – not a federal court in New York County.

**A.    The Construction of the Forum Selection Clause**
      <u>**Expressly Limits Jurisdiction to New York State Courts**</u>

When a forum selection clause is unambiguous, the objective consideration of the language in the clause governs its interpretation. *See City of New York v. Pullman Inc.*, 477 F.Supp. 438, 442 (S.D.N.Y. 1979). Here, the parties' forum selection clause reads, in relevant part, that a lawsuit may be brought "in any New York State courts sitting in New York County." *See* Ex. A of Def. Moving Papers. This language expressly restricts jurisdiction to New York State courts only.

Specifically, "courts" is the noun in the forum selection clause that is the object of the prepositional phrase "in any New York State courts." *Id.* The noun "courts" is expressly modified by the phrase "New York State." *Id.* This language so modifies and limits "courts" to mean only those courts of New York State – which necessarily excludes any federal court. "New York State courts" is further limited by the phrase " sitting in New York County," which specifically dictates that, within the New York State Unified Court System, venue is only allowed in New York County.

If Plaintiff's interpretation were correct and the forum selection clause permits both state and federal jurisdiction in New York County, there would be no need to include the "New York State" modifier to "courts." Plaintiff's proposed interpretation renders that language irrelevant and superfluous. As standard contract interpretation principles mandate that courts "safeguard against adopting an interpretation that would render any individual provisions [of a contract] superfluous," Plaintiff's proposed interpretation cannot be given effect. *See RJE Corp. v. Northville Industries Corp.,* 329 F.3d 310, 314 (2d Cir. 2003) (citations omitted); *see also LaSalle Bank Nat. Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 206 (2d Cir. 2005)

(noting that words and phrases in a contract should be given their plain meaning, and an interpretation rendering a contract clause superfluous should be avoided) (citations omitted). Indeed, the phrase "sitting in New York County" by itself adequately provides the geographic limitations that Plaintiff claims were intended by the entire clause. The parties, however, did add the modifier of "New York State" and, as such, so limited the jurisdiction to only state courts. Accordingly, the only coherent interpretation is that the forum selection clause limits actions to the exclusive jurisdiction of New York State courts.

**B.    The Forum Selection Clause Contains a Term of Sovereignty and a Term of Geography that Limit Both Jurisdiction and Venue to New York State Courts Sitting in New York County.**

Plaintiff erroneously relies on *Pullman* to support its interpretation that this action could be brought in either state or federal court when *Pullman* actually supports the Hospital's interpretation of the forum selection clause. *See Pullman Inc.*, 477 F.Supp. at 442. *Pullman* outlines the difference between terms of sovereignty and terms of geography that modify a forum selection clause. *See id.* at 442-43. Sovereignty relates to the jurisdiction of the court whereas geography relates to the possible venue of a lawsuit. *Id.* As Plaintiff notes, the forum selection clause in *Pullman* states that "only the New York courts shall have jurisdiction over [the] contract" which only limits the geographic location of a lawsuit to New York and would permit either federal or state courts in New York to hear the dispute. *Id.* at 440 (emphasis added). Plaintiff would have this Court believe, however, that the *Pullman* clause is analogous to the one at issue by suggesting that the parties' forum selection clause is merely a geographic limitation – rather than a limitation on sovereignty – restricting the parties to bringing suit within New York State and New York County. Such an interpretation of the parties' forum selection clause is nothing short of incredible, and is neither supported by the law nor the language of the clause.

In contrast with the *Pullman* clause, which only referenced "New York courts," the language in the parties' forum selection clause contains the phrase "New York State courts," which includes the additional word "State," modifying the noun "courts." This language expressly refers to state courts – to the exclusion of federal courts – making it a term of sovereignty and expressly limiting the jurisdiction agreed to by the parties to New York State courts. *See id.* at 442. This is the very "express and restrictive language" that adequately apprised the parties that, by entering into the contract, they were agreeing to the exclusive jurisdiction of state courts in New York County. *See generally id.* at 443.

In fact, the parties' forum selection clause is so specific that it not only contains the "limitation on sovereignty" demonstrated above, but a geographical limitation as well. The parties agreed that New York State courts would have exclusive jurisdiction, but further agreed that only New York State courts "sitting in New York County" could hear a dispute. Hence, the phrase "sitting in New York County" is a term of geography that limits the location of any such New York State lawsuit. *See generally id.* at 442.

Further, the forum selection clause cited in the other case heavily relied upon by Plaintiff, *Cronin v. Family Ed. Co.,* 105 F.Supp.2d 136 (E.D.N.Y. 2000), fails to support Plaintiff's interpretation of the parties' forum selection clause. The *Cronin* clause stated: "the parties agree to the exclusive jurisdiction of the courts located in the City and State of New York." *Id.* at 137 (emphasis added). This clause is easily distinguishable from the clause before this Court because the word "courts" in the *Cronin* clause was not modified to include or exclude either state or federal courts. The lack of any modifier to the word "courts" permitted the *Cronin* court's interpretation that both state and federal courts sitting in New York City or State had jurisdiction. In fact, the only limitation in the *Cronin* clause was the prepositional phrase "in the

City and State of New York" which simply limited the geographical location of a lawsuit. *See id.* Here, however, the parties' forum selection clause is expressly limited both by a term of sovereignty, "New York State," and a separate term of geography, "sitting in New York County." Accordingly, *Cronin* supports the Hospital's position and analysis of the forum selection clause.

In sum, a plain, objective reading of the forum selection clause limits the jurisdiction to New York State courts – not federal – sitting in New York County, and should thus lead this Court to adopt the Hospital's interpretation of the clause in granting the Hospital's motion. The very cases cited by Plaintiff – *Pullman* and *Cronin* – support such a result. Accordingly, Plaintiff's tortured interpretation of the parties' forum selection clause is simply incredible in light of the clause's plain meaning and controlling case law and, as such, this Court should reject Plaintiff's arguments otherwise.

## POINT II

### PLAINTIFF'S ARGUMENTS IN OPPOSITION TO DEFENDANT'S MOTION ARE INAPPOSITE

**A.    Because the Language is Narrowly Restricted, this Court Should Not Accept Plaintiff's Implausible and Strained Construction of the Forum Selection Clause**

In its opposition papers, Plaintiff has asked this Court to accept a strained construction of the forum selection clause that contorts the clause's plain meaning. As noted above, the very case law cited by Plaintiff holds that the language of the parties' forum selection clause requires that this action be brought in New York State court. Notwithstanding the clause's unambiguous language and the well-settled case law cited supporting the Hospital's position, Plaintiff still posits three other unsupportable arguments.

Plaintiff's first additional argument is that, if the parties intended to exclude the federal courts from jurisdiction, the word "courts" in the forum selection clause would be singular, not plural. *See* Pl. Opp'n Memo at 6-7. This, of course, is unpersuasive because, in New York County, the New York State Unified Court System has several state courts in which a case could be brought: *e.g.*, Supreme Court, New York City Civil Court, Small Claims Court, etc. Thus, the use of "New York State courts" expressly limits the jurisdiction to New York State only, excludes federal courts, and does not discredit the Hospital's interpretation that the parties' agreement was only to bring a lawsuit in New York State courts.

In its second additional argument, Plaintiff further suggests that, without the use of the exact phrase "State of," the parties' forum selection clause does not prohibit commencement of the action in a federal court sitting in New York County. *See* Pl. Opp'n Memo at 6-7. Contrary to Plaintiff's position, the very case law cited by Plaintiff for this argument does not stand for the proposition that a forum selection clause must contain the phrase "State of" in order to limit jurisdiction to only a state court. *See generally Rogen v. Memry Corp.*, 886 F.Supp. 393, 396 (S.D.N.Y. 1995). Rather, *Rogen* indicates that, whatever language is used in a forum selection clause, it must be "sufficiently specific and unambiguous." *Id.*

Indeed, in *Rogen*, the court notes that, when interpreting a clause, it should rely on the plain language and not any strained reading of the provisions. *Id.* (finding that the plaintiff's interpretation of the forum selection clause as permitting both state and federal jurisdiction was "unnecessarily strained and ignore[d] the clause's plain meaning" that only New York State courts had jurisdiction). This applies to the case at hand in which the forum selection clause specifically states that the forum is New York <u>State</u> courts sitting in New York County. To find

otherwise would improperly strain the plain meaning of the clause in contradiction of *Rogen*'s holding.

Plaintiff's third additional argument is that the Hospital's case law in support of the motion is not applicable. However, contrary to Plaintiff's contentions, the case law in the Hospital's moving papers sets forth the basic principles in interpreting and enforcing a forum selection clause that expressly limits the jurisdiction of a lawsuit to a particular court or locale. *See, e.g., Karl Koch Erecting Co., Inc. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (dismissing the Complaint because the forum selection clause in the parties' agreement only permitted commencement in New York State Supreme Court, which consequently prohibits the commencement of a lawsuit in the Southern District of New York). The irony of Plaintiff's third argument is that the cases cited by Plaintiff in opposition – including *Pullman, Cronin,* and *Rogen* – all support the Hospital's position on this motion. Indeed, each of those cases analyzed and applied the language of other forum selection clauses in such a way as would lead this Court to grant the Hospital's motion in all respects.

**B.    Plaintiff's Alternative Argument which Analyzes the Clause in the Event that There is a Possible Ambiguity is Irrelevant Here**

Plaintiff, in a final attempt to escape the effect of the forum selection clause, alternatively claims that the clause might be ambiguous and, if so, the clause cannot be construed against one party or another because the contract also contains a *contra proferentem* clause. *See* Pl. Opp'n Memo at 7. Simply put, this argument is nothing short of a red herring.

Here, the parties have already agreed in their moving and opposition papers that the forum selection clause is clear and unambiguous on its face. The only issue is the legal

interpretation and application of the plain language in the parties' forum selection clause, which

issue is put before this Court on the Hospital's motion. Accordingly, Plaintiff's attempt to argue

a hypothetical alternative argument – a position which Plaintiff readily admits that it does not

support – should be disregarded as irrelevant. In sum, Plaintiff's attempt to concoct an

ambiguity fails because Plaintiff admits in the first six pages of its opposition papers that there is

no ambiguity in the forum selection clause language. Therefore, the only question for this Court

in rendering a decision on this motion is that of interpretation of the operative forum selection

clause.

Likewise, since the parties agree that there is no ambiguity in the text of the forum

selection clause, Plaintiff's factual declaration offered by one of Plaintiff's representatives is

superfluous. The subjective interpretation of either of the parties of the agreement's terms is

irrelevant when the language of the agreement is unambiguous and can be objectively applied.

*See Pullman Inc.*, 477 F.Supp. at 442. Indeed, the parties' position in their motion papers, and

the clear language of the forum selection clause, effectively concede that a parole evidence issue

is not present here. Accordingly, this Court should dismiss Plaintiff's attempts to disingenuously

argue otherwise. Given the foregoing, the Complaint should be dismissed because the clear and

unambiguous terms of the forum selection clause only permit the parties' to commence litigation

in a New York State court sitting in New York County.

## CONCLUSION

For all of the above reasons, the Hospital respectfully requests that the Court grant its

Motion to Dismiss the Complaint in its entirety, together with such further relief as this Court

deems just and proper.

Dated: Great Neck, New York
      January 25, 2008

                       GARFUNKEL, WILD & TRAVIS, P.C.
                       *Attorneys for Defendant*

By:                                   
                       Michael J. Keane (MK-7655)
                       Kevin G. Donoghue (KD-2875)
               111 Great Neck Road
               Great Neck, New York  11021
               (516) 393-2200