```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CREDITEK LLC,                           :
                        Plaintiff,      :
                                        :     07 Civ. 9322 (DLC)
          -v-                           :
                                        :     OPINION & ORDER
NORTH GENERAL HOSPITAL,                 :
                        Defendant.      :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Christopher G. Kelly
Christelette A. Hoey
195 Broadway, 24th Floor
New York, New York 10007

For Defendant:
Michael J. Keane
Kevin G. Donoghue
Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, New York 11021

DENISE COTE, District Judge:

Defendant in this diversity action, relying on the forum selection clause contained in the contract which gave rise to the instant lawsuit, has moved to dismiss the lawsuit for improper venue under Federal Rules of Civil Procedure 12(b)(3) and (b)(6) and 28 U.S.C. § 1406(a). For the reasons discussed below, defendant's motion is granted.

BACKGROUND

On or about February 9, 2006, plaintiff Creditek LLC and defendant North General Hospital entered into an agreement whereby plaintiff undertook to provide outsourcing services for defendant relating to the management, collection, and resolution of account receivables for the latter's outpatient and diagnostic and treatment center.  The outsourcing agreement provides that it is governed by the "laws of the State of New York," and includes a forum selection clause providing that "[e]ach party to this Agreement hereby agrees and consents that any legal action or proceedings with respect to this Agreement <u>shall only be brought in any New York State courts</u> sitting in New York County" (emphasis added).  The agreement also includes a <u>contra preferentum</u> clause requiring that the agreement "not be construed in favor of or against any Party by reason of the extent to which any Party or its professional advisors participated in its preparation."

On October 17, 2007, plaintiff filed a complaint alleging that defendant breached the outsourcing agreement.  Defendant moved on December 7 to dismiss the action, arguing that the forum selection clause limits the proper venue for any action arising out of the agreement to New York State courts sitting in New York County.  Plaintiff replies that the United States District Court for the Southern District of New York is the

proper venue for this action as the forum selection clause covers federal as well as state courts sitting in New York County.[1]

DISCUSSION

A federal court should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." Jones v. Weibrecht, 901 F.2d 17, 18 (2d Cir. 1990); see D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006). The parties do not dispute the enforceability of the forum selection clause but, rather, its interpretation. "Under New York law, the meaning of a contract that is unambiguous is a question of law for the court to decide." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000). In interpreting a contract under New York law, "words and phrases . . . should be given their plain meaning," and the contract "should be construed so as to give full meaning and effect to all of its provisions." Shaw Group, Inc. v. Triplefine Int'l Corp., 322 F.3d 115, 121 (2d Cir. 2003) (citation omitted). "[A]n interpretation of a contract that has the effect of rendering at least one clause superfluous or

---

[1] At the December 14, 2007 initial pretrial conference, the Court construed the language of the contract's forum selection clause to limit venue to New York state courts and encouraged plaintiff to refile the action in state court.

meaningless is not preferred and will be avoided if possible." Id. at 124 (citation omitted).

The forum selection clause plainly and unambiguously limits the proper venue for disputes arising from the outsourcing agreement to New York State courts.  Heeding the presumption against superfluities in New York contract law, the phrase "New York State courts" must be construed to limit proper venue to state, as opposed to federal, courts sitting in New York county in order to give meaning to the words "New York State."

Plaintiff first contends that, where the forum selection clause does not expressly exclude federal courts, it should be read as a mere geographical limitation, encompassing both federal and district courts in a particular location.  This argument fails for two reasons.  First, the forum selection at issue here clause does clearly exclude federal courts by virtue of its limitation to "New York State courts."  The adjective "State" modifies the noun "courts": it limits the courts available to the parties to those denominated "State courts," that is, courts constituting part of the New York State court system.  Because a court is either a federal or state court, this phrase excludes federal courts.  Second, the forum selection clause contains a geographical limitation, to wit, the phrase "in New York County."  If, as plaintiff urges, "New York State courts" comprises both state and federal courts, then

4

including the phrase alongside "in New York County" would be redundant, because limiting the proper venue simply to "courts in New York County" would have served the same purpose.  Because each clause must be accorded its proper meaning, with none rendered superfluous, this argument fails.

Plaintiff next argues that the plural form of the word "courts" supports a reading of the forum selection clause that includes the federal court.  "Had the parties intended to exclude the federal court," plaintiff argues, "they would simply have drafted the term 'courts' in singular form because the clause already limited the geographic location to New York County, thereby eliminating the need to designate more than one state court located therein."  As defendant rightly observes, this argument ignores the existence of multiple state courts sitting in New York County.

Finally, plaintiff relies on the <u>contra preferentum</u> clause to argue that defendant "has waived any right it may have had in having this action dismissed based upon the forum provision's lack of clarity."  Because there is no lack of clarity in the forum selection clause, this argument is meritless.

CONCLUSION

Defendant's December 7, 2007 motion to dismiss is granted.

5

The Clerk of Court shall close the case.

    SO ORDERED:

Dated:    New York, New York
           February 13, 2008

                                      DENISE COTE
                            United States District Judge